UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

OLGA ANDREU MEGWINOFF,
Plaintiff,

v.                                              Civil No. 98-1995 (HL)

BANCO BILBAO VIZCAYA,
Defendant.

**OPINION AND ORDER**

Before the Court are Defendant's Brief in Support of Defendant's Verified Bill of Costs, Dkt. No. 60, and Plaintiff's opposition, Dkt. No. 65. Defendant is Banco Bilbao Vizcaya ("BBV"), and Plaintiff is Olga Andreu Megwinoff ("Andreu"). The Court entered summary judgment for Defendants in this matter, Dkt. No. 59, on February 4, 2000.

**DISCUSSION**

Under Fed. R. Civ. P. 54(d)(1), "costs other than attorney's fees shall be allowed as of course to the prevailing party . . . ." Thus, all that remains to be determined is which items claimed as costs by the prevailing party shall be allowed and in what amounts. 28 U.S.C. § 1920 sets out the basic categories of costs that a court may allow. These include "(1) [f]ees of the clerk and marshal; (2) [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and copies of papers necessarily obtained for use in the case; (5) [d]ocket fees under section 1923 of this



AO 72A
(Rev.8/82)

Civil No. 98-1995 (HL)                    2

title; (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C.A. § 1920 (West 1994).

*Depositions*

Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920(2)]. *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985). BBV seeks to recover expenses associated with taking the depositions of several witnesses.

For the three depositions of Andreu herself, BBV claims that it is entitled to recover $2,063.10. Plaintiff Andreu does not dispute this. Accordingly, BBV shall recover this amount as costs.

For the deposition of John Keegan, BBV seeks costs in the amount of $126.00. For depositions not used at trial, "the determining factor is whether 'the deposition reasonably seemed necessary at the time it was taken.'" *Riofrio Anda v. Ralston Purina Co.*, 772 F.Supp. 46, 55 (D.P.R. 1991) (quoting 10 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2676, at 424 (1998)). Andreu argues that this deposition was merely duplicative of evidence already available to BBV. The Court disagrees. BBV has adequately demonstrated that at the time that the deposition was taken, the deposition reasonably seemed necessary for the purpose of bolstering the contention that Andreu received documents sent to her by BBV. Accordingly, BBV shall recover

Civil No. ~~96-1499~~ 98-1995 (HL)                                             3

$126.00 as costs for this deposition.

For the depositions of Sidney Hatton and Lourdes Jiménez, BBV seeks to recover $340.20 and $435.80, respectively. Although these depositions provided useful information to BBV, Andreu effectively argues that BBV could just as easily have obtained sworn statements from these friendly witnesses, without the expense of depositions. Thus, BBV shall recover nothing for these two depositions, as they were not necessary for use in the case.

### Service of Process

BBV seeks to recover as costs money spent on process server fees for the depositions of Sidney Hatton and Lourdes Jiménez. See 28 U.S.C. § 1920(1). Because these depositions were not necessary for use in the case, there is no ground on which to allow BBV to recover fees for service of process. Thus, BBV shall recover no process server fees.

### Exemplification and Photocopy Fees

BBV claims that it is entitled to recover $62.30 in exemplification and photocopying expenses under 28 U.S.C. § 1920(4). Andreu does not dispute BBV's entitlement to recover. Accordingly, BBV shall recover $62.30 for exemplification and photocopying expenses.

### Translations

The expenses associated with translating documents into English are costs that a court may tax in its discretion under 28 U.S.C. § 1920(6). *Ramos*, 968 F.Supp. at 783.

Civil No. 98-1995 (HL)                    4

BBV claims that it spent $2,383.00 for translation services. The standard for taxing translation costs is as follows:

> The Court will tax all reasonable costs associated with interpretation services rendered for compliance with Local Rule 108.1. The Court will also tax the costs of translation of all documents shown to be relevant to this litigation. It is incumbent on the plaintiffs, however, to explain the nature of the translation services for which they seek reimbursement.

*Bonilla v. Trebol Motors Corp.*, 1997 WL 178861 (D.P.R. 1997); *rev'd on other grounds*, *Bonilla v. Volvo Car Corp.*, 150 F.3d 88 (1st Cir. 1998). BBV seeks costs for documents translated for the purpose of complying with Local Rule 108.1. As Andreu points out, however, BBV provides no explanation for why some of the translated documents cost the standard $5.00/page, and some cost the expedited rate of $12.00/page. Without some explanation for this disparity, the Court shall only grant translation fees at the rate of $5.00/page, for a total of $1,410.00.

In summary, the following costs shall be recovered by BBV:
1. Depositions                              $2,189.10
2. Service of Process                       $0.00
3. Exemplification and Photocopy Fees       $62.30
4. Translations                             $1,410.00

**TOTAL COSTS: $3,661.40**

**IT IS SO ORDERED.**
San Juan, Puerto Rico, March 27, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge